Jose L. Linares
Mark M. Makhail
Joseph L. Linares
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jlinares@mccarter.com
mmakhail@mccarter.com
josephlinares@mccarter.com

*Attorneys for Plaintiffs AbbVie Inc. and Allergan Pharmaceuticals International Limited*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABBVIE INC. and ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>MACLEODS PHARMACEUTICALS LTD. and MACLEODS PHARMA USA, INC.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: ________________ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs AbbVie Inc. ("AbbVie") and Allergan Pharmaceuticals International Limited ("Allergan") (collectively, "Plaintiffs"), by its attorneys, bring this action against Defendants Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. (collectively, "Macleods") and allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent Nos. 12,622,897 ("the '897 patent") and 12,661,341 ("the '341 patent") (collectively, "the Patents-in-Suit") arising under

the United States Patent Laws, Title 35, United States Code, § 1, *et seq.*, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This action relates to Macleods' recent submission to the United States Food and Drug Administration ("FDA") of an Abbreviated New Drug Application ("ANDA") seeking approval to market generic versions of Plaintiffs' commercial pharmaceutical product QULITPA® (atogepant) oral tablets in 10 mg, 30 mg, and 60 mg dosage forms ("QULIPTA® Tablets") submitted under New Drug Application ("NDA") No. 215206, prior to the expiration of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for QULIPTA® Tablets. Macleods has submitted ANDA No. 220982 ("Macleods' ANDA"), which seeks approval to market its generic version of QULIPTA® Tablets, atogepant oral tablets, 10 mg, 30 mg, 60 mg ("Macleods' generic products"), prior to the expiration of the Patents-in-Suit.

2. Macleods has infringed one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing of ANDA No. 220982 seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Macleods' generic products prior to the expiration of the Patents-in-Suit, or any extensions thereof. Macleods will infringe one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Macleods' generic products prior to the expiration of the Patents-in-Suit, or any extensions thereof.

3. Plaintiffs previously filed a separate action in this Court against Macleods for patent infringement, which included counts for infringement of U.S. Patent Nos. 12,090,148 ("the 148 patent"), 12,350,259 ("the '259 patent"), 12,383,545 ("the '545 patent"), and 12,465,598 ("the

’598 patent”). *AbbVie Inc. v. Macleods Pharmaceuticals Ltd.*, C.A. No. 3:25-cv-19038 (the “First Suit”) was filed on December 29, 2025. The First Suit was filed in response to a letter from Macleods dated November 15, 2025, purporting to be a notice letter “[p]ursuant to 21 U.S.C. § 355 (j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95,” including reference to the ’148, ’259, and ’545 patents. Plaintiffs received a second notice letter sent by Macleods (“Macleods’ Second Notice Letter”) dated February 27, 2026, purporting to be a notice letter “[p]ursuant to 21 U.S.C. § 355 (j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95,” including reference to the ’598 patent.

4. Based on information and belief, Macleods’ is maintaining its purported certification as to the ’148, ’259, ’545, and ’598 patents set out in Macleods’ First Notice Letter and Macleods’ Second Notice Letter. Thus, Plaintiffs will continue to prosecute all infringement counts presented in the First Suit.

## **THE PARTIES**

5. Plaintiff AbbVie is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie holds NDA No. 215206 for QULIPTA® Tablets.

6. AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world’s most complex and critical conditions. The company’s mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas, including migraine treatment.

7. AbbVie markets, distributes, and sells therapeutic drug products, including QULIPTA® Tablets, in this judicial district and throughout the United States.

8. Plaintiff Allergan is a corporation organized and existing under the laws of Ireland, with a principal place of business at Clonshaugh Business & Technical Park, Dublin 17, Ireland D17 E400. Allergan is the assignee of the ’897 and ’341 patents. Allergan is an indirectly wholly owned subsidiary of AbbVie.

9. Plaintiffs allege the following about Macleods on information and belief formed after a reasonable inquiry.

10. Macleods Pharmaceuticals Ltd. (“Macleods Ltd.”) is a corporation organized and existing under the laws of India, having a principal place of business at 304 Atlanta Arcade, Marol Church Road, Andheri (East), Mumbai 400059, Maharashtra, India.

11. Macleods Pharma USA, Inc. (“Macleods USA”) is a corporation organized under the laws of Delaware, having a principal place of business at 500 College Road E, Suite 250, Princeton, New Jersey 08540. Macleods USA is a wholly owned subsidiary of Macleods Ltd.

12. Macleods is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in this judicial district.

13. Following any FDA approval of Macleods’ ANDA, Macleods will distribute and sell the proposed Macleods generic products described in Macleods’ ANDA throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

14. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

15. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16. This Court has personal jurisdiction over Defendant Macleods Ltd. Macleods Ltd. is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products. Macleods Ltd. directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. Macleods Ltd. has purposefully conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Macleods' generic products upon approval of Macleods' ANDA.

17. This Court has personal jurisdiction over Defendant Macleods USA. Macleods USA is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products. Macleods USA directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. Macleods USA has purposefully conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Macleods' generic products upon approval of Macleods' ANDA.

18. Macleods USA is a United States agent for Macleods Ltd. Macleods USA is registered with the State of New Jersey's Division of Revenue and Enterprise under Entity ID No. 0101021236, and is registered as a drug distributor with the New Jersey Department of Health under Permit No. 5004370.

19. Macleods Ltd. is the holder of FDA Drug Master File No. 40936 for atogepant.

20. Macleods Ltd. and Macleods USA hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

21. Macleods Ltd. and Macleods USA each directly or indirectly currently sells significant quantities of generic drug products and derives substantial revenue from the sale of those products in the United States and in this judicial district.

22. Macleods' website states that it "develop[s], manufacture[s], and globally distribute[s] a broad range of pharmaceutical products." https://www.macleodspharma.com/about/ (last visited Aug. 27, 2026). Further, it states that "Macleods USA was incorporated in 2011 for sales of pharmaceutical products in the United States and today, [it] ha[s] more than 80 approvals in this region." https://www.macleodspharma.com/international/ (last visited Aug. 27, 2026).

23. According to Macleods' website, Macleods has been "present in US market since 2011." https://www.macleodspharma.com/usa/ (last visited Aug. 27, 2026). Moreover, "as of January 23, 2026," Macleods had "15+ years of active operations in the region" and "145+ approvals from the US Food & Drug Administration," and "[a]s of August 31, 2023, [Macleods] had 185 ANDAs filed with the USFDA, of which 100 were approved." *Id.*

24. The acts of Macleods USA complained of herein were done with the cooperation, participation, and assistance of Macleods Ltd., and the acts of Macleods Ltd. complained of herein were done with the cooperation, participation, and assistance of Macleods USA.

25. Macleods' ANDA filing regarding the Patents-in-Suit relates to this litigation and is substantially connected with this judicial district because it predicts Macleods' intent to market and sell Macleods' generic products, including Macleods' generic versions of Plaintiffs' QULIPTA® Tablets, in this judicial district.

26. Macleods Ltd. and Macleods USA have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 220982.

27. Following FDA approval of ANDA No. 220982, Macleods will import, market, distribute, offer for sale, and/or sell Macleods' generic products described in ANDA No. 220982 throughout the United States, including in New Jersey and will derive substantial revenue from the use, consumption, or sale of Macleods' generic products in the state of New Jersey.

28. If ANDA No. 220982 is approved, Macleods' generic products will be marketed, distributed, offered for sale, and/or sold in New Jersey; prescribed by healthcare providers practicing in New Jersey; administered by healthcare providers located within New Jersey; and/or used by patients in New Jersey, all of which will have a substantial effect on New Jersey.

29. If ANDA No. 220982 is approved, Plaintiffs will be harmed by the marketing, distribution, offer for sale, and/or sale of Macleods' generic products, including in New Jersey.

30. This Court also has personal jurisdiction over Macleods because, *inter alia*, Macleods has availed itself of this forum previously for the purpose of litigating a patent dispute. Macleods Ltd. and Macleods USA have been sued in this district without challenging personal jurisdiction. *See, e.g.*, *AbbVie Inc. v. Macleods Pharmaceuticals Ltd.*, No. 3:25-cv-19038, D.I. 30 (D.N.J. Dec. 29, 2025); *Supernus Pharms, Inc. v. Macleods Pharms., Ltd. et al*, No. 25-15399, D.I. 7 (D.N.J. Sep. 29, 2025); *Janssen Pharms., Inc. et al v. Macleods Pharms. Ltd., et al*, No, 21-2309, D.I. 7 (D.N.J. June 15, 2021); *Mitsubishi Tanabe Pharma Corp., et al v. Macleods Pharms. Ltd., et al*, No. 21-697, D.I. 7 (D.N.J. June 16, 2021); *Otsuka Pharm. Co., Ltd. v. Macleods Pharms., Ltd. et al*, No. 15-5109, D.I. 11 (D.N.J. Sep. 24, 2015).

31. This Court also has personal jurisdiction over Macleods because Macleods did not contest jurisdiction in the First Suit.

32. For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Macleods.

33. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Macleods Ltd. is incorporated in India and may be sued in any judicial district in the United States, and for all the reasons set forth above.

34. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Macleods USA has a principal place of business in New Jersey, and for all the reasons set forth above.

## FACTUAL BACKGROUND

### QULIPTA® and the NDA

35. AbbVie is the holder of New Drug Application ("NDA") No. 215206 for QULIPTA® (atogepant) tablets in 10 mg, 30 mg, and 60 mg dosage forms.

36. The FDA approved NDA No. 215206 on September 28, 2021.

37. The FDA Orange Book for NDA No. 215206 for QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, 60 mg, lists the '148 patent, the '259 patent, the '545 patent, the '598 patent, and the '897 patent, as well as U.S. Patent Nos. 8,754,096 ("the '096 patent"), 9,499,545 ("the '9545 patent"), 9,850,246 ("the '246 patent"), and 10,117,836 ("the '836 patent").

38. QULIPTA® Tablets are approved for the preventive treatment of migraine in adults. Atogepant is the active ingredient of QULIPTA® Tablets. Atogepant is a calcitonin gene-related (CGRP) receptor antagonist.

39. Migraine is a debilitating disease. Migraine impacts more than 37 million men, women, and children in the United States. Migraine costs millions of dollars each year in the United States due to direct medical expenses and lost productivity. Migraine is also associated with other illnesses.

40. For episodic migraine, the recommended dose of QULIPTA® Tablets is 10 mg, 30 mg, or 60 mg taken orally with or without food, once daily. For chronic migraine, the recommended dose of QULIPTA® Tablets is 60 mg taken orally with or without food, once daily. For patients with mild or moderate hepatic impairment, the recommended dose is 10 mg, 30 mg, or 60 mg to prevent episodic migraine and 60 mg once daily to prevent chronic migraine. The FDA approved the inclusion of this safe and effective dosing regimen for QULIPTA® for patients with mild or moderate hepatic impairment, and information concerning these patients is included in the QULIPTA® Label. For patients who concomitantly use OATP inhibitors, the recommended dose is 10 mg or 30 mg once daily to prevent episodic migraine and 30 mg once daily to prevent chronic migraine. The FDA approved the inclusion of this safe and effective dosing regimen for QULIPTA® for patients who concomitantly use OATP inhibitors, and information concerning these patients is included in the QULIPTA® Label.

41. To date, only two orally available CGRP receptor antagonists have been approved by FDA for preventive treatment of migraine. The prescribing information for the other, NURTEC® ODT, is silent on concomitant use with OATP inhibitors. Thus, QULIPTA® Tablets are the only orally available CGRP receptor antagonist in the United States indicated for preventive treatment of migraine with a recommended dosage modification for patients who concomitantly use OATP inhibitors.

42. QULIPTA® Tablets are marketed and sold in the United States by AbbVie.

**The Patents-in-Suit**

43. The ’897 patent, titled “Methods of Treating Migraine,” was duly and legally issued by the United States Patent and Trademark Office (“USPTO”) on May 12, 2026. A true and correct copy of the ’897 patent is attached as Exhibit A.

44. Allergan is the assignee of the ’897 patent through assignment as recorded by the USPTO at Reel 70393, Frame 0388.

45. The ’897 patent currently expires on September 27, 2042.

46. The ’897 patent is listed in the FDA Orange Book in connection with NDA No. 215206 for QULIPTA® (atogepant) oral tablets, 10 mg and 30 mg.

47. The ’341 patent, titled “Methods of Treating Migraine,” was duly and legally issued by the USPTO on June 23, 2026. A true and correct copy of the ’341 patent is attached as Exhibit B.

48. Allergan is the assignee of the ’341 patent through assignment as recorded by the USPTO at Reel 70393, Frame 0388.

49. The ’341 patent currently expires on September 27, 2042.

50. The ’341 patent covers the QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, and 60 mg, NDA No. 215206, in the FDA Orange Book.

**Macleods’ ANDA No. 220982**

51. Macleods filed ANDA No. 220982 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of atogepant oral tablets, 10 mg, 30 mg, 60 mg, which are generic versions of AbbVie’s QULIPTA® Tablets.

52. Macleods’ First Notice Letter represents that Macleods’ ANDA No. 220982 contains a Paragraph IV certification alleging that the claims of the ’148, ’259, and ’545 patents are invalid, unenforceable, and/or will not be infringed by Macleods’ generic products.

53. Macleods' Second Notice Letter represents that Macleods' ANDA No. 220982 contains a Paragraph IV certification alleging that the claims of the '598 patent are invalid, unenforceable, and/or will not be infringed by Macleods' generic products.

54. Plaintiffs received a third letter sent by counsel for Macleods ("Macleods' Third Notice Letter"), dated July 15, 2026, purporting to be a notice letter "[p]ursuant to 21 U.S.C. § 355(j)(2)(B)(i)-(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95."

55. Macleods' Third Notice Letter represents that Macleods' ANDA No. 220982 contains a Paragraph IV certification alleging that the claims of the '897 patent are invalid, unenforceable, and/or will not be infringed by Macleods' generic products.

56. Macleods' Third Notice Letter and the information contained therein, coupled with regulatory requirements, demonstrate Macleods' infringement of the '897 patent.

57. Plaintiffs have not yet received a Notice of Paragraph IV Certification regarding Macleods' ANDA No. 220982 for the '341 patent under Section 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95.

58. Macleods' First Notice Letter, Macleods' Second Notice Letter, and Macleods' Third Notice Letter, coupled with regulatory requirements, demonstrate Macleods' infringement of the '341 patent.

59. Plaintiffs have not yet received a Notice of Paragraph IV Certification regarding Macleods' ANDA No. 220982 for the '096, '9545, '246 patent, or '836 patents under Section 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. Further, Macleods' First Notice Letter, Macleods' Second Notice Letter, and Macleods' Third Notice Letter do not state or otherwise indicate that Macleods submitted a Paragraph IV certification for the '096, '9545, '246, or '836 patents, each of which is listed in the FDA Orange Book for

QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, 60 mg. Accordingly, Macleods submitted a Paragraph III certification for the ’096, ’9545, ’246, and ’836 patents. Macleods will thus not launch a generic product under ANDA No. 220982 at least before September 28, 2035.

60. Macleods’ purpose in submitting ANDA No. 220982 and a Paragraph IV certification is to market Macleods’ generic products before the expiration of the ’148, ’259, ’545,’598, and ’897 patents. Macleods intends to market Macleods’ generic products before the expiration of the ’897 and ’341 patents.

61. To obtain approval of an ANDA for a generic drug, an ANDA applicant must show, *inter alia*, that the generic drug is bioequivalent to its reference listed drug. *See* 21 U.S.C. § 355(j)(2)(A)(iv). If approved, Macleods’ generic products will be bioequivalent to AbbVie’s QULIPTA® Tablets.

62. To obtain approval of an ANDA for a generic drug, an ANDA applicant must also show, *inter alia*, that the conditions of use prescribed, recommended, or suggested in the proposed labeling have been previously approved for its reference listed drug. *See* 21 U.S.C. § 355(j)(2)(A)(i). Further, the FDA will refuse to approve an ANDA if the labeling proposed for a generic drug product differs from the labeling approved for its reference listed drug product and such differences make the proposed generic drug product less safe or effective. *See* 21 C.F.R. § 314.127(a)(7). If approved, Macleods’ generic products will have the same indication and safety and efficacy information as AbbVie’s QULIPTA® Tablets.

63. Following FDA approval of Macleods’ ANDA No. 220982, Macleods will make, use, sell, and/or offer to sell Macleods’ generic products throughout the United States, or import such generic products into the United States before the Patents-in-Suit expire. The manufacture,

use, offer for sale, sale, and/or importation of Macleods' generic products will directly infringe the Patents-in-Suit.

64. Following FDA approval of Macleods' ANDA No. 220982, Macleods will actively induce or contribute to the manufacture, use, offer for sale, and/or sale of Macleods' generic products in a manner that infringes the Patents-in-Suit.

65. Plaintiffs commenced this action within 45 days of receiving Macleods' Third Notice Letter.

**COUNT I**
**INFRINGEMENT BY MACLEODS OF THE '897 PATENT**

66. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

67. Macleods filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Macleods' generic products in the United States before the expiration of the '897 patent.

68. Macleods' Third Notice Letter states that Macleods submitted to the FDA a certification that the claims of the '897 patent are purportedly invalid, unenforceable, and/or will not be infringed.

69. Macleods represented to the FDA that Macleods' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

70. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Macleods' ANDA seeking approval for the commercial manufacture, use, or sale of Macleods' generic products before the expiration date of the '897 patent, constitutes infringement, either literally or under the doctrine of equivalents.

71. After FDA approval of Macleods' ANDA, Macleods will infringe one or more claims of the '897 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Macleods' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Macleods' ANDA shall be no earlier than the expiration of the '897 patent and any additional periods of exclusivity.

72. Macleods knows or should know, and intends that healthcare providers will prescribe and patients will take Macleods' generic products for which approval is sought in Macleods' ANDA, and therefore will infringe at least one claim in the '897 patent.

73. Macleods had knowledge of the '897 patent, as evidenced by Macleods' Third Notice Letter, and, by its promotional activities and proposed package insert for Macleods' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '897 patent, either literally or under the doctrine of equivalents.

74. Macleods is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Macleods' generic products according to the instructions in the proposed package insert in a way that directly infringes the '897 patent.

75. The offering to sell, sale, making, and/or importation of Macleods' generic products will actively induce infringement of at least one of the claims of the '897 patent, either literally or under the doctrine of equivalents. Macleods has knowledge and is aware of the '897 patent, as evidenced by Macleods' Third Notice Letter.

76. If Macleods' ANDA is approved, Macleods intends to and will offer to sell, sell, and/or import in the United States Macleods' generic products.

77. Macleods' actions relating to Macleods' ANDA complained of herein were done by and for the benefit of Macleods.

78. Plaintiffs will be irreparably harmed if Macleods is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '897 patent.

79. Plaintiffs do not have an adequate remedy at law.

**COUNT II**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT BY MACLEODS OF THE '897 PATENT**

80. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

81. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

82. Macleods filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Macleods' generic products in the United States before the expiration of the '897 patent.

83. Macleods represented to the FDA that Macleods' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

84. After FDA approval of Macleods' ANDA, Macleods will infringe one or more claims of the '897 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Macleods' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Macleods' ANDA shall be no earlier than the expiration of the '148 patent and any additional periods of exclusivity.

85. Macleods knows or should know, and intends that healthcare providers will prescribe and patients will take Macleods' generic products for which approval is sought in Macleods' ANDA, and therefore will infringe at least one claim in the '897 patent.

86. Macleods had knowledge of the '897 patent, as evidenced by Macleods' Third Notice Letter, and, by its promotional activities and proposed package insert for Macleods' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '897 patent, either literally or under the doctrine of equivalents.

87. Macleods is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Macleods' generic products according to the instructions in the proposed package insert in a way that directly infringes the '897 patent.

88. The offering to sell, sale, making, and/or importation of Macleods' generic products would actively induce infringement of at least one of the claims of the '897 patent, either literally or under the doctrine of equivalents. Macleods has knowledge and is aware of the '897 patent, as evidenced by Macleods' Third Notice Letter.

89. If Macleods' ANDA is approved, Macleods intends to and will offer to sell, sell, and/or import in the United States Macleods' generic products.

90. Macleods' actions relating to Macleods' ANDA complained of herein were done by and for the benefit of Macleods.

91. Macleods' infringing activity, including the manufacture, use, import, offer to sell, and/or sale of Macleods' generic products in the United States, will begin immediately after FDA approves Macleods' generic products. Such activity before the expiration of the '897 patent will

constitute infringement of one or more claims of the ’897 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

92. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Macleods concerning liability for the infringement of the ’897 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

93. Plaintiffs will be irreparably harmed if Macleods is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the ’897 patent.

94. Plaintiffs do not have an adequate remedy at law.

**COUNT III**
**INFRINGEMENT BY MACLEODS OF THE ’341 PATENT**

95. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

96. This Complaint provides notice of the ’341 patent to the extent that Macleods did not already have notice of this patent.

97. Macleods filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Macleods’ generic products in the United States before the expiration of the ’341 patent.

98. Macleods represented to the FDA that Macleods’ generic products are pharmaceutically and therapeutically equivalent to AbbVie’s QULIPTA® Tablets.

99. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Macleods’ ANDA seeking approval for the commercial manufacture, use, or sale of Macleods’ generic products before the expiration date of the ’341 patent, constitutes infringement, either literally or under the doctrine of equivalents.

100. After FDA approval of Macleods' ANDA, Macleods will infringe one or more claims of the '341 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Macleods' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Macleods' ANDA shall be no earlier than the expiration of the '341 patent and any additional periods of exclusivity.

101. Macleods knows or should know, and intends that healthcare providers will prescribe and patients will take Macleods' generic products for which approval is sought in Macleods' ANDA, and therefore will infringe at least one claim in the '341 patent.

102. Macleods had knowledge of the '341 patent and, by its promotional activities and proposed package insert for Macleods' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '341 patent, either literally or under the doctrine of equivalents.

103. Macleods is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Macleods' generic products according to the instructions in the proposed package insert in a way that directly infringes the '341 patent.

104. The offering to sell, sale, making, and/or importation of Macleods' generic products will actively induce infringement of at least one of the claims of the '341 patent, either literally or under the doctrine of equivalents. Macleods has knowledge and is aware of the '341 patent.

105. If Macleods' ANDA is approved, Macleods intends to and will offer to sell, sell, and/or import in the United States Macleods' generic products.

106. Macleods' actions relating to Macleods' ANDA complained of herein were done by and for the benefit of Macleods.

107. Plaintiffs will be irreparably harmed if Macleods is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '341 patent.

108. Plaintiffs do not have an adequate remedy at law.

**COUNT IV**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT BY MACLEODS OF THE '341 PATENT**

109. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

110. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

111. The Complaint provides notice of the '341 patent to the extent that Macleods did not already have notice of this patent.

112. Macleods filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Macleods' generic products in the United States before the expiration of the '341 patent.

113. Macleods represented to the FDA that Macleods' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

114. After FDA approval of Macleods' ANDA, Macleods will infringe one or more claims of the '341 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Macleods' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under

§ 271(c), unless this Court orders that the effective date of any FDA approval of Macleods' ANDA shall be no earlier than the expiration of the '341 patent and any additional periods of exclusivity.

115. Macleods knows or should know, and intends that healthcare providers will prescribe and patients will take Macleods' generic products for which approval is sought in Macleods' ANDA, and therefore will infringe at least one claim in the '341 patent.

116. Macleods had knowledge of the '341 patent and, by its promotional activities and proposed package insert for Macleods' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '341 patent, either literally or under the doctrine of equivalents.

117. Macleods is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Macleods' generic products according to the instructions in the proposed package insert in a way that directly infringes the '341 patent.

118. The offering to sell, sale, making, and/or importation of Macleods' generic products would actively induce infringement of at least one of the claims of the '341 patent, either literally or under the doctrine of equivalents. Macleods has knowledge and is aware of the '341 patent.

119. If Macleods' ANDA is approved, Macleods intends to and will offer to sell, sell, and/or import in the United States Macleods' generic products.

120. Macleods' actions relating to Macleods' ANDA complained of herein were done by and for the benefit of Macleods.

121. Macleods' infringing activity, including the manufacture, use, import, offer to sell, and/or sale of Macleods' generic products in the United States, will begin immediately after FDA approves Macleods' generic products. Such activity before the expiration of the '341 patent will

constitute infringement of one or more claims of the ’341 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

122. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Macleods concerning liability for the infringement of the ’341 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

123. Plaintiffs will be irreparably harmed if Macleods is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the ’341 patent.

124. Plaintiffs do not have an adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Macleods has infringed at least one claim of the Patents-in-Suit through Macleods’ submission of ANDA No. 220982 to the FDA to obtain approval to manufacture, use, import, offer to sell, and/or sell Macleods’ generic products in the United States before the expiration of the Patents-in-Suit;

B. The entry of judgment that Macleods’ making, using, offering to sell, selling, or importing Macleods’ generic products prior to the expiration of the Patents-in-Suit will infringe, actively induce infringement, and/or contribute to the infringement of Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c);

C. A declaration under 28 U.S.C. § 2201 that if Macleods, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation

of Macleods' generic products prior to the expiration of the Patents-in-Suit, it will constitute an act of infringement pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

D. The issuance of an order that the effective date of any FDA approval of Macleods' generic products shall be no earlier than the expiration of the Patents-in-Suit and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

E. The entry of a permanent injunction, enjoining Macleods and all persons acting in concert with Macleods from commercially manufacturing, using, offering for sale, or selling Macleods' generic products within the United States, or importing Macleods' generic products into the United States, until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F. The entry of a permanent injunction, enjoining Macleods and all persons acting in concert with Macleods from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

G. The issuance of a declaration that this is an exceptional case and an award to Plaintiffs of costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

H. An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

I. An award to Plaintiffs of any further and additional relief that this Court deems just and proper.

Dated: August 28, 2026

/s/ *Jose L. Linares*
Jose L. Linares
Mark M. Makhail

Joseph L. Linares
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jlinares@mccarter.com
mmakhail@mccarter.com
josephlinares@mccarter.com

**OF COUNSEL**:

William B. Raich (*pro hac vice* forthcoming)
Jennifer H. Roscetti (*pro hac vice* forthcoming)
Cora R. Holt (*pro hac vice* forthcoming)
Lauren J. Robinson (*pro hac vice* forthcoming)
Yoonjin Lee (*pro hac vice* forthcoming)
Kenneth S. Guerra (*pro hac vice* forthcoming)
Emma N. Ng (*pro hac vice* forthcoming)
Shivani Karthikeyan (*pro hac vice* forthcoming)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Ave, NW
Washington, DC 20001
(202) 408-4210
william.raich@finnegan.com
jennifer.roscetti@finnegan.com
cora.holt@finnegan.com
lauren.robinson@finnegan.com
yoonjin.lee@finnegan.com
kenneth.guerra@finnegan.com
emma.ng@finnegan.com
shivani.karthikeyan@finnegan.com

Shannon M. Patrick (*pro hac vice* forthcoming)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363
(404) 653-6400
shannon.patrick@finnegan.com

*Attorneys for Plaintiffs AbbVie and Allergan*

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceedings.

United States Patent Nos. 12,090,148 (the " '148 Patent"), 12,350,259 (the " '259 Patent"), 12,383,545 (the " '545 Patent"), and 12,465,598 (the " '598 Patent") are currently the subject of proceedings before this Court in *AbbVie Inc. et al. v. Apotex Inc*., Civil Action No.: 25-18972 (JCG)(JBD), *AbbVie Inc., et al v. Macleods Pharmaceuticals Ltd., et al.*, Civil Action No.: 25-19038 (JCG)(JBD), *AbbVie Inc., et al. v. Dr. Reddy's Laboratories, Ltd., et al.*, Civil Action No.: 25-19039 (JCG)(JBD), *AbbVie Inc., et al. v. Hetero USA Inc., et al.*, Civil Action No.: 26-114 (JCG)(JBD), *AbbVie Inc., et al. v. MSN Pharmaceuticals Inc., et al*., Civil Action No.: 26-115 (JCG)(JBD), and *AbbVie Inc., et al. v. Micro Labs Limited, et al.*, Civil Action No.: 26-518 (JCG)(JBD).

United States Patent Nos. 12,622,897 (the " '897 Patent"), and 12,661,341 (the " '341 Patent") are currently the subject of proceedings before this Court in *AbbVie Inc., et al. v. Hetero USA Inc., et al.*, Civil Action No.: 26-10378 (JCG)(JBD), *AbbVie Inc., et al. v. Micro Labs Limited, et al*., Civil Action No.: 26-10379 (JCG)(JBD), and *AbbVie Inc. et al. v. Apotex Inc*., Civil Action No.: 26-11154 (JCG)(JBD).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 28, 2026

/s/ *Jose L. Linares*
Jose L. Linares